UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN RUSSO,

         Plaintiff,

    v.

DAVID LIVINGSTON, et al.,

         Defendants.

Case No. 25-cv-08884-AMO (PR)

**ORDER DENYING AS MOOT PLAINTIFF'S PENDING MOTIONS TO AMEND; AND DIRECTING PLAINTIFF TO PROVIDE A CURRENT ADDRESS**

Re: Dkt. Nos. 5, 12, 13, 26

By separate written orders, the Court directed the Clerk of the Court to close Case Nos. 25-cv-08885-AMO (PR) and 25-cv-08887-AMO (PR) as improvidently opened, and to file the complaints in those matters in the instant action as the "SUPPLEMENTAL COMPLAINT" and "SECOND SUPPLEMENTAL COMPLAINT," respectively. *See* Case No. 25-cv-08885-AMO (PR), Dkt. 26; Case No. 25-cv-08887-AMO (PR), Dkt. 37. Accordingly, all pending motions to amend the operative complaints in the instant action are **DENIED** as moot, without prejudice to refiling if deemed necessary. Dkts. 5, 12, 13, 26.

The Court also notes that mail recently sent to Plaintiff Justin Russo, who is representing himself in this matter, has twice been returned as undeliverable, indicating that Russo is no longer in custody. Specifically, on June 29, 2026, mail directed to Russo by the Court was returned to the Clerk with the following notation, "RETURN TO SENDER." Dkt. 37 at 1. Further notations indicated: "RETURN TO SENDER[,] ATTEMPTED - NOT KNOWN[,] UNABLE TO FORWARD." *Id.* Additionally, on July 1, 2026, another piece of mail directed to Russo by the Court was returned to the Clerk with similar notations, which also indicated that it was returned as undeliverable because Russo was not in custody as he had been "parole[d]." Dkt. 38 at 1. To date, Russo has not updated his address with the Court or submitted any further pleadings in this case.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may, on its own motion, dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11 a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

In light of the foregoing, Russo shall inform the Court of his current address no later than **sixty (60) days** from the date mail directed to him was first returned as undeliverable. **Failure to timely inform the Court of his current address shall result in dismissal of this action without prejudice under Local Rule 3-11(b) and Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Dated:   7/8/2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

2